UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EMILIO NOBLE,

              Plaintiff,

-vs-

CAREER EDUCATION CORPORATION,

              Defendant.
-------------------------------------------------------X

07 CIV. 5832

COMPLAINT WP4

JURY TRIAL DEMANDED

## INTRODUCTION

1. Plaintiff brings this action to redress his unlawful termination from defendant's New York affiliate, Sanford Brown Institute.

## PARTIES

2. Plaintiff is an Hispanic male of Dominican descent who resides in Dutchess County, within this Judicial District.

3. Defendant is a corporation organized in Hoffman Estates, Illinois. It operates educational institutes nationwide, including Sanford Brown Institute in White Plains, New York, where plaintiff worked from October 2003 through November 30, 2004, when he was terminated.

## JURISDICTION

4. As plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, this Honorable Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(3) & (4) and 42 U.S.C. § 2000e et seq.

5. Having learned of the national origin discrimination on December 23, 2005, plaintiff timely filed a charge of discrimination with the Equal Employment

Opportunity Commission and the New York State Division of Human Rights on August 8, 2006.

6. Plaintiff will amend this Complaint upon receipt of the Right to Sue Letter from the EEOC.

7. As the State law causes of action arise from the same nucleus of operative facts as the Federal claim, this Honorable Court has jurisdiction over them pursuant to 28 U.S.C. § 1367.

8. As defendant maintains its principal place of business in Illinois, and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction.

**FACTUAL AVERMENTS**

9. On October 29, 2003, plaintiff was hired by Ultrasound Diagnostic School as an Admissions Representative. Plaintiff was promoted to Director of Admissions in May 2004.

10. In the course of plaintiff's employment, Career Education Corporation acquired Ultrasound Diagnostic School, which became Sanford Brown Institute ("SBI").

11. At all times during plaintiff's employment he satisfactorily performed his job responsibilities.

12. In or about November 2004, defendant learned that plaintiff was convicted in May 2004 of grand larceny in connection with his prior employment in the Bronx.

13. Defendant terminated plaintiff's employment on November 30, 2004.

14. Defendant terminated plaintiff on account of his criminal conviction and his national origin.

15. Plaintiff's criminal conviction did not bear a direct relationship to his job duties as Director of Admissions, and he received a Certificate of Relief from Disabilities which creates a presumption of rehabilitation and confirms that his criminal record does not place defendant's operations at risk.

16. Plaintiff's job duties at the time of his termination did not include financial responsibilities. He also did not have to handle money at SBI.

17. Even if defendant believed in good faith that plaintiff's conviction was incompatible with its business, it could have accommodated him by assigning him other job responsibilities. Defendant failed to offer plaintiff this option even though it had previously valued his job performance.

18. On December 23, 2005, plaintiff learned that defendant had received an email advising that a white co-worker had also been convicted of a crime. That email, dated May 25, 2005 and sent to various SBI managers and agents, stated that Marlene Shemtob-Battachio pleaded guilty to second degree grand larceny in connection with her prior employment.

19. Although Shemtob-Battachio was an SBI administrator handling externship placements, unlike plaintiff, she was not terminated despite her criminal conviction.

20. Defendant also did not terminate a co-worker, Mike Poses, an admissions representative, who had a drug and domestic violence conviction.

21. Plaintiff was the only person of Hispanic descent in senior management. Both Shemtob-Battachio and Poses are white.

22. As a result of plaintiff's unlawful termination he has lost back and front pay as well as benefits.

23. Plaintiff's unlawful termination has caused him to suffer significant physical and emotional pain and suffering.

**CAUSES OF ACTION**

24. Plaintiff re-alleges the allegations in ¶¶ 1-23 as if fully restated herein.

25. In terminating plaintiff's employment because of his national origin, defendant violated Title VII of the Civil Rights Act of 1964 and the New York Executive Law.

26. In terminating plaintiff's employment because of his race, defendant violated 42 U.S.C. § 1981 and the New York Executive Law.

27. In terminating plaintiff's employment because of his criminal conviction, defendant violated New York Corrections Law § 752-53.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Honorable Court:

a. accept jurisdiction over this action;

b. empanel a jury to fairly hear and decide this matter;

c. award to plaintiff compensatory damages on his State and Federal claims;

d. award to plaintiff back and front pay on his State and Federal claims;

e. award to plaintiff punitive damages on his Federal claims;

f. award to plaintiff attorneys' fees and costs expended in litigating his claims; and

g. order such other relief deemed just and proper.

Dated: June 18, 2007

Respectfully submitted,

*Stephen Bergstein* (signature)
STEPHEN BERGSTEIN
HELEN G. ULLRICH

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff
