LAW OFFICES
**MORGAN, LEWIS & BOCKIUS LLP**
101 PARK AVENUE
NEW YORK, NEW YORK  10178
(212) 309-6000
*ATTORNEY FOR DEFENDANT*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
EMILIO NOBLE,                                          :
                                                       :
            Plaintiff,    :     **7:07-cv-05832-KMK-GAY**
                                                       :     *Electronically Filed*
    -against-                                         :
                                                       :
CAREER EDUCATION CORPORATION,                          :
                                                       :
            Defendant.    :
------------------------------------------------------------------------x


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF EMILIO NOBLE'S
<u>NEW YORK CORRECTION LAW CLAIM</u>**


                                    Amber Kagan (AK-7973)
                                    MORGAN, LEWIS & BOCKIUS LLP
                                    101 Park Avenue
                                    New York, New York 10178
                                    Telephone:  212.309.6000
                                    Facsimile:  212.309.6001
                                    Email:  akagan@morganlewis.com

                                    *Attorney for Defendant*

- i -

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT .................................................................................................................... 2

    I.    STANDARD OF REVIEW ................................................................................ 2

    II.    PLAINTIFF'S N.Y. CORRECTION LAW CLAIM SHOULD BE
        DISMISSED ....................................................................................................... 2

CONCLUSION ................................................................................................................. 4

**PRELIMINARY STATEMENT**

Emilio Noble ("Plaintiff") worked for Sanford Brown Institute ("SBI") as an Admissions Representative until May 2004 when SBI promoted him to the position of Director of Admissions.  (Complaint ("Compl") ¶ 9.)  In November 2004, SBI learned that Plaintiff had been convicted of grand larceny in connection with his prior employer.  (*Id.* ¶ 12.)  On November 30, 2004, SBI terminated Plaintiff's employment.  (*Id.* ¶ 13.)

On June 20, 2007, two and one half years after his termination, Plaintiff instituted the instant action against Career Education Corporation ("CEC" or "Defendant").[1]  In his Complaint, Plaintiff claims that SBI's decision to terminate his employment was based on his criminal conviction (*id.* ¶ 27), his national origin (*id.* ¶ 25) and/or his race (*id.* ¶ 26).  Plaintiff alleges violations of Sections 752-53 of the New York Correction Law (the "N.Y. Correction Law"), Title VII of the Civil Rights Act of 1964, the New York Human Rights Law and 42 U.S.C. § 1981.  (*Id.* ¶¶ 25-27.)

As will be explained below, the N.Y. Correction Law, which prohibits an employer from refusing to <u>hire</u> an applicant for employment because of a prior conviction, is not applicable to termination decisions.  Therefore, Plaintiff's claim under that statute fails as a matter of law.  Accordingly, Defendant respectfully requests that, under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Plaintiff's N.Y. Correction Law claim be dismissed.

---

[1]   SBI is a subsidiary of CEC.

## ARGUMENT

### I.  STANDARD OF REVIEW

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  While the Court must take all well-pleaded allegations as true, and draw reasonable inferences in favor of the plaintiff, a plaintiff may not substitute conclusory statements "for minimally sufficient factual allegations."  Furlong v. Long Island Coll. Hosp., 710 F.2d 922, 927 (2d Cir. 1983); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996) ("bald assertions and conclusions of law will not suffice").

In the instant case, the allegations made pursuant to the N.Y. Correction Law, as pleaded,[2] fail to state any legally cognizable claim.  Therefore, the N.Y. Correction Law claim should be dismissed with prejudice.

### II.  PLAINTIFF'S N.Y. CORRECTION LAW CLAIM SHOULD BE DISMISSED.

Section 752 of the 1976 N.Y. Correction Law states:

> No application for any license or employment . . . shall be denied by reason of the applicant's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of 'good moral character' when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses . . . .

N.Y. Correct. L. § 752 (1976) (emphasis added).  Thus, the plain language of the statute applies only to an "application" for employment and not to the termination of such employment.  Indeed, several courts have interpreted the statute as such.  Pisano v. McKenna, 466 N.Y.S.2d 231, 233 (N.Y. Sup. Ct. 1983) (holding that the N.Y. Correction Law was not applicable to a fireman who

---

[2]  For purposes of this motion only, the allegations contained in the Complaint are deemed to be true.

was dismissed for various convictions); see D'Amore v. Village of Kenmore, 785 N.Y.S.2d 242, 243 (N.Y. App. Div. 2004) (holding that a garbage truck driver's challenge to his termination based upon an alleged violation of the N.Y. Correction Law was without merit); cf. Matter of Durante v. Bd. of Regents of State Univ. of N.Y., 416 N.Y.S.2d 401, 401 (N.Y. App. Div. 1979) (holding that Section 752 of the N.Y. Correction Law "applies only to the 'application' for a license by a person previously convicted of a crime and not to the discipline of a person already licensed" (citing Matter of Mosner v. Ambach, 410 N.Y.S.2d 937, 937 (N.Y. App. Div. 1978))), appeal dismissed, 396 N.E.2d 490 (N.Y. 1979); Matter of Pietranico v. Ambach, 442 N.Y.S.2d 827, 828 (N.Y. App. Div. 1981) (same).

This interpretation of the N.Y. Correction Law as it existed at the time of Plaintiff's termination is confirmed by recent amendments to the statute to extend "protection from discrimination to current employees and licensees." N.Y. Correct. L. § 752 (2007) (emphasis added). Specifically, effective July 18, 2007, Section 752 of the amended law provides, in part:

> No application for any license or employment, and no employment or license held by an individual, . . . shall be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of 'good moral character' when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses . . . .

N.Y. Correct. L. § 752 (2007) (revised language underlined). The 2007 amendments[3] demonstrate that, until July 18, 2007, the N.Y. Correction Law applied only to "applications" for

---

[3] With no clear intention to the contrary, the 2007 amendments to Sections 752-53 of the N.Y. Correction Law should only be applied prospectively. N.Y. McKinney's Statutes § 52 ("Generally, an amendment [to a statute] will have prospective application only, and will have no retroactive effect unless the language of the statute clearly indicates that it shall receive a contrary interpretation.") Moreover, with amendatory language expressly providing that "[t]his act shall take effect immediately," the Legislature clearly intended only prospective application of the amendments. Aijaz v. Hillside, 830 N.Y.S.2d 283, 284 (N.Y. App. Div. 2007) (finding that an amendment did not apply to renewal leases which were entered into, and expired, before the Legislature amended the statute because "the

employment, and not to terminations. Indeed, a review of the legislative history surrounding the 2007 amendments underscores the Legislature's belief that the 1976 N.Y. Correction Law did not apply to current employees. According to the legislative history:

> The anti-discrimination protections in Section 752 of the Correction Law <u>currently</u> <u>apply</u> <u>only</u> <u>to</u> <u>applicants</u> <u>for</u> <u>employment</u> or occupational licenses who have criminal convictions. The law <u>provides</u> <u>no</u> <u>protection</u> <u>to</u> <u>current</u> <u>employees</u> or license holders who face unfair discrimination based on criminal records that predate their employment or licensure.[4]

(emphasis added). Thus, the express purpose of the 2007 amendments was to extend protection from discrimination under the N.Y. Correction Law to current employees and licensees. See Exh. 1.

Therefore, the N.Y. Correction Law, as it applied both at the time of Plaintiff's termination and at the filing of this lawsuit, clearly applied only to applications for employment. As Plaintiff's claim relates to the termination of, and not the application for, his employment, the statute is inapplicable. Consequently, Defendant respectfully requests that Plaintiff's claim under the N.Y. Correction Law be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff Emilio Noble's New York Correction Law Claim should be granted and Plaintiff's claim pursuant to Sections 752-53 of the N.Y. Correction Law should be dismissed.

---

amendment, which the Legislature indicated was to 'take effect immediately' (L. 2003, ch. 82, § 13) applies prospectively, that is, to renewal leases that were entered into after its date of enactment" (citing, inter alia, Matter of Miller, 110 N.Y. 216, 223 (N.Y. 1888)); People ex rel. Beckford v. Cheshire, 217 N.Y.S. 215, 216 (N.Y. Sup. Ct. 1926). Thus, the amendatory language, made effective more than two years <u>after</u> Plaintiff's termination and nearly one month <u>after</u> he filed the instant Complaint, is inapplicable to the instant action and Plaintiff's N.Y. Correction Law claim must be dismissed.

[4] A copy of the legislative history for the July 18, 2007 amendments to the N.Y. Correction Law is attached at Exhibit 1.

Dated: September 18, 2007
      New York, New York

                              Respectfully submitted,

                              MORGAN, LEWIS & BOCKIUS LLP

                              By:  s/  Amber Kagan
                                    Amber Kagan (AK-7973)

                              MORGAN, LEWIS & BOCKIUS LLP
                              101 Park Avenue
                              New York, New York 10178
                              Telephone:  212.309.6000
                              Facsimile:  212.309.6001
                              Email:  akagan@morganlewis.com