# EXHIBIT 1

**STATUS:**
**S1602-A** VOLKER
Correction Law
TITLE....Extends protection from discrimination to current employees and licensees
01/23/07   REFERRED TO CRIME VICTIMS, CRIME AND CORRECTION
05/15/07   1ST REPORT CAL.1089
05/16/07   2ND REPORT CAL.
05/21/07   ADVANCED TO THIRD READING
05/30/07   PASSED SENATE
05/30/07   DELIVERED TO ASSEMBLY
05/30/07   referred to correction
06/08/07   RECALLED FROM ASSEMBLY
06/08/07   returned to senate
06/11/07   VOTE RECONSIDERED - RESTORED TO THIRD READING
06/11/07   AMENDED ON THIRD READING 1602A
06/14/07   REPASSED SENATE
06/14/07   RETURNED TO ASSEMBLY
06/14/07   referred to correction
06/14/07   substituted for a3208a
06/14/07   ordered to third reading cal.45
06/20/07   passed assembly
06/20/07   returned to senate
07/06/07   DELIVERED TO GOVERNOR
07/18/07   SIGNED CHAP.284

**SUMMARY:**

VOLKER
Amd SS750 - 753, Cor L
Extends protection from discrimination to current employees and licensees; establishes written statements shall include an explanation of how the employer weighed certain factors upon denial or revocation of license or denial or termination of employment.
EFF. DATE 07/18/2007

**VOTING:**

06/14/07   S1602-A   Senate Vote                         Aye: 62   Nay: 0
05/30/07   S1602     Senate Vote                         Aye: 60   Nay: 0

Go to Top of Page
06/14/07   S1602-A   Senate Vote   Aye: 62   Nay: 0

| | | | |
|---|---|---|---|
| Aye Adams | Aye Alesi | Aye Bonacic | Aye Breslin |
| Aye Bruno | Aye Connor | Aye DeFrancisco | Aye Diaz |
| Aye Dilan | Aye Duane | Aye Farley | Aye Flanagan |
| Aye Fuschillo | Aye Golden | Aye Gonzalez | Aye Griffo |
| Aye Hannon | Aye Hassell-Thompson | Aye Huntley | Aye Johnson C |
| Aye Johnson O | Aye Klein | Aye Krueger | Aye Kruger |
| Aye Lanza | Aye Larkin | Aye LaValle | Aye Leibell |
| Aye Libous | Aye Little | Aye Maltese | Aye Marcellino |
| Aye Maziarz | Aye Montgomery | Aye Morahan | Aye Nozzolio |
| Aye Onorato | Aye Oppenheimer | Aye Padavan | Aye Parker |
| Aye Perkins | Aye Rath | Aye Robach | Aye Sabini |
| Aye Saland | Aye Sampson | Aye Savino | Aye Schneiderman |
| Aye Serrano | Aye Seward | Aye Skelos | Aye Smith |
| Aye Stachowski | Aye Stavisky | Aye Stewart-Cousins | Aye Thompson |

| | | | |
|---|---|---|---|
| Aye Trunzo | Aye Valesky | Aye Volker | Aye Winner |
| Aye Wright | Aye Young | | |

Go to Top of Page

05/30/07  S1602  Senate Vote   Aye: 60   Nay: 0

| | | | |
|---|---|---|---|
| Aye Adams | Aye Alesi | Aye Bonacic | Aye Breslin |
| Aye Bruno | Aye Connor | Aye DeFrancisco | Aye Diaz |
| Aye Dilan | Aye Duane | Aye Farley | Aye Flanagan |
| Aye Fuschillo | Aye Golden | Aye Gonzalez | Aye Griffo |
| Aye Hannon | Aye Hassell-Thompson | Exc Huntley | Aye Johnson C |
| Aye Johnson O | Aye Klein | Aye Krueger | Aye Kruger |
| Aye Lanza | Aye Larkin | Aye LaValle | Aye Leibell |
| Aye Libous | Aye Little | Aye Maltese | Aye Marcellino |
| Aye Maziarz | Aye Montgomery | Aye Morahan | Aye Nozzolio |
| Exc Onorato | Aye Oppenheimer | Aye Padavan | Aye Parker |
| Aye Perkins | Aye Rath | Aye Robach | Aye Sabini |
| Aye Saland | Aye Sampson | Aye Savino | Aye Schneiderman |
| Aye Serrano | Aye Seward | Aye Skelos | Aye Smith |
| Aye Stachowski | Aye Stavisky | Aye Stewart-Cousins | Aye Thompson |
| Aye Trunzo | Aye Valesky | Aye Volker | Aye Winner |
| Aye Wright | Aye Young | | |

**SPONSORS MEMO:**

NEW YORK STATE SENATE
INTRODUCER'S MEMORANDUM IN SUPPORT
submitted in accordance with Senate Rule VI. Sec 1

BILL NUMBER: S1602A

SPONSOR: VOLKER

TITLE OF BILL:

An act to amend the correction law, in relation to extending protection
from discrimination to current employees and licensees

PURPOSE:

The bill extends the provisions of Article 23-A of the Correction Law to
prohibit unfair discrimination against current employees and license
holders who have a previous criminal conviction that is unrelated to the
employment or license.

SUMMARY OF PROVISIONS

Section 1 of the bill amends Section 750 of the Correction Law to make
the definition of "direct relationship" applicable to current employees
and license holders.

Section 2 of the bill amends Section 751 of the Correction Law to make
Article 23-A applicable to current employees and license holders.

Section 3 of the bill amends Section 752 of the Correction Law to
prohibit discrimination against current employees and license holders
based on a previous criminal conviction or convictions unless there is a

direct relationship between the conviction(s) and the duties or responsibilities of the employment or license.

Section 4 of the bill makes a conforming amendment to Section 753 of the Correction Law.

Section 5 of the bill provides that it shall take effect immediately.

JUSTIFICATION:

Article 23-A of the Correction Law currently prohibits unfair discrimination against individuals with criminal records whose convictions are unrelated to the job or license sought and do not constitute a threat to safety. The law further encourages "the licensure and employment of persons previously convicted of one or more criminal offenses." However, the statutes inapplicability to current employees and licensees have limited the intended protections of the law.

The anti-discrimination protections in Section 752 of the Correction Law currently apply only to applicants for employment or occupational licenses who have criminal convictions. The law provides no protection to current employees or license holders who face unfair discrimination based on criminal records that predate their employment or licensure. This bill extends the anti-discrimination protections to current employees and license holders whose convictions predate employment or licensure and were not improperly denied by the applicant in response to legal inquiries from the employer or licensing agent.

With the advent of the computer age and all the other means by which criminal history information can be obtained, employers have easy access to criminal history information, leading more employers to refuse to hire, or fire individuals with criminal records. This bill is necessary in order to ensure that New York's strong, long-standing policy of encouraging the employment of qualified individuals with criminal records is enforced.

LEGISLATIVE HISTORY:

Similar to S.7730A/A.10986A, Veto #401.

FISCAL IMPLICATIONS:

None.

EFFECTIVE DATE:
The bill takes effect immediately.

**CHAPTER TEXT:**

LAWS OF NEW YORK, 2007

CHAPTER 284

AN ACT to amend the correction law, in relation to extending protection from discrimination to current employees and licensees

Became a law July 18, 2007, with the approval of the Governor.
Passed by a majority vote, three-fifths being present.

The People of the State of New York, represented in Senate and Assembly, do enact as follows:

Section 1. Subdivision 3 of section 750 of the correction law, as added by chapter 931 of the laws of 1976, is amended to read as follows:
  (3) "Direct relationship" means that the nature of criminal conduct for which the person was convicted has a direct bearing on his fitness or ability to perform one or more of the duties or responsibilities necessarily related to the license [or employment sought], opportunity, or job in question.
  § 2. Section 751 of the correction law, as added by chapter 931 of the laws of 1976, is amended to read as follows:
  § 751. Applicability. The provisions of this article shall apply to any application by any person for a license or employment at any public or private employer, who has previously been convicted of one or more criminal offenses[,] in this state or in any other jurisdiction, [to any public agency or private employer for a license or employment] and to any license or employment held by any person whose conviction of one or more criminal offenses in this state or in any other jurisdiction preceded such employment or granting of a license, except where a mandatory forfeiture, disability or bar to employment is imposed by law, and has not been removed by an executive pardon, certificate of relief from disabilities or certificate of good conduct. Nothing in this article shall be construed to affect any right an employer may have with respect to an intentional misrepresentation in connection with an application for employment made by a prospective employee or previously made by a current employee.
  § 3. Section 752 of the correction law, as added by chapter 931 of the laws of 1976, is amended to read as follows:
  § 752. Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited. No application for any license or employment, and no employment or license held by an individual, to which the provisions of this article are applicable, shall be denied or acted upon adversely by reason of the [applicant's] individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the [applicant] individual has previously been convicted of one or more criminal offenses, unless:
  (1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or
  (2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to

EXPLANATION--Matter in italics is new; matter in brackets [ ] is old law to be omitted.

CHAP. 284                           2

property or to the safety or welfare of specific individuals or the general public.
    § 4. Paragraph (b) of subdivision 1 of section 753 of the correction law, as added by chapter 931 of the laws of 1976, is amended to read as follows:
    (b) The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.
    § 5. This act shall take effect immediately.

The Legislature of the STATE OF NEW YORK ss:
    Pursuant to the authority vested in us by section 70-b of the Public Officers Law, we hereby jointly certify that this slip copy of this session law was printed under our direction and, in accordance with such section, is entitled to be read into evidence.

      JOSEPH L. BRUNO                              SHELDON SILVER
Temporary President of the Senate          Speaker of the Assembly