UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EMILIO NOBLE,

                Plaintiff,

-vs-                                        07 Civ. 5832 (KMK) (GAY)
                                         ECF Case

CAREER EDUCATION CORPORATION,

                Defendant.
-------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS NEW YORK CORRECTION LAW CLAIM

STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT: THE COMPLAINT STATES A CLAIM FOR WRONGFUL
               TERMINATION UNDER THE NEW YORK CORRECTION LAW . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

Allaire Corp. v. Okumus, 433 F.3d 248 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Bonacorsa v. Van Lindt, 71 N.Y.2d 605 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Givens v. New York City Housing Authority, 249 A.D.2d 133 (1st Dept. 1998) . . . . . . . . . . . . 3

Matter of Lagarenne v Leake, 243 A.D.2d 258, 259 (1st Dept. 1997) . . . . . . . . . . . . . . . . . . . . 4

Matter of Mosner v. Ambach, 66 A.D.2d 912 (3d Dept. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Matter of Smith v. Kingsboro Psychiatric Ctr., 35 A.D.2d 751 (2d Dept. 2006) . . . . . . . . . . . . 4

Matter of Stewart v Civil Service Commission, 84 A.D.2d 491 (1st Dept. 1982) . . . . . . . . . . . 4

Pioneer Group v. State Division of Human Rights, 174 A.D.2d 1041 (4th Dept. 1991) . . . . . . 4

Rodgers v. New York City Human Resources Admin., 154 A.D.2d 233 (1st Dept. 1989) . . . 3, 4

Schenectady v. State Div. of Human Rights, 37 N.Y.2d 421 (1975) . . . . . . . . . . . . . . . . . . . . . . 5

State Division of Human Rights v. Sorrento Cheese, 115 A.D.2d 323 (4th Dept. 1985) . . . . . . 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
EMILIO NOBLE,

        Plaintiff,

-vs-                                      07 Civ. 5832 (KMK) (GAY)
                                          ECF Case

CAREER EDUCATION CORPORATION,

        Defendant.
------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff submits this memorandum of law in opposition to defendant's motion to dismiss the Complaint under Rule 12(b)(6). Defendant argues that plaintiff cannot pursue his wrongful termination claim under N.Y. Corrections Law § 752-53 because the statute in effect at the time of plaintiff's termination only prohibited employers from denying job applications on the basis of a criminal conviction. As set forth below, defendant misinterprets the law and plaintiff is entitled to claim wrongful termination on the basis of his criminal record.

## STATEMENT OF FACTS

On October 29, 2003, defendant hired plaintiff as an Admissions Representative. Plaintiff was promoted to Director of Admissions in May 2004. (Complaint ¶ 9). At all times during plaintiff's employment he satisfactorily performed his job responsibilities. Id. at ¶ 11.

In November 2004, defendant learned that plaintiff was convicted in May 2004 of grand larceny in connection with his prior employment in the Bronx. Id. at ¶ 12. Defendant terminated plaintiff's employment on November 30, 2004 on account of his criminal conviction. Id. at ¶¶ 13-14.

Plaintiff's criminal conviction did not bear a direct relationship to his job duties as

Director of Admissions, and he received a Certificate of Relief from Disabilities which creates a presumption of rehabilitation and confirms that his criminal record did not place defendant's operations at risk. Id. at ¶ 15. Plaintiff's job duties at the time of his termination did not include financial responsibilities. He also did not have to handle money for defendant. Id. at ¶ 16.

Even if defendant believed that plaintiff's conviction was incompatible with its business, it could have accommodated him by assigning him other job responsibilities. Defendant failed to offer plaintiff this option even though it had previously valued his job performance. Id. at ¶ 17.

## ARGUMENT

### THE COMPLAINT STATES A CLAIM FOR WRONGFUL TERMINATION UNDER THE NEW YORK CORRECTION LAW

Under Rule 12(b)(6), this Court should "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor. A complaint may not be dismissed under the Rule 'unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief.'" Allaire Corp. v. Okumus, 433 F.3d 248, 250 (2d Cir. 2006).

At the time plaintiff was fired, Correction Law § 752 provided:

No application for any license or employment, to which the provisions of this article are applicable, shall be denied by reason of the applicant's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses, unless:

(1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought; or

(2) the issuance of the license or the granting of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

2

The statute "was enacted in 1976 in an attempt to eliminate the effect of bias against ex-offenders which prevented them from obtaining employment." Bonacorsa v. Van Lindt, 71 N.Y.2d 605, 611 (1988). According to the Court of Appeals:

> Studies established that the bias against employing or licensing ex-offenders was not only widespread but particularly unfair and counterproductive. Although ex-offenders were urged when released from prison to find employment as a part of their rehabilitation, they had great difficulty in doing so because of their criminal records and this difficulty existed even though there was an absence of any connection between the employment or license and the crime committed, its circumstances or the background of the offender. Failure to find employment not only resulted in personal frustration but also injured society as a whole by contributing to a high rate of recidivism. Article 23-A sought to remove this obstacle to employment by imposing an obligation on employers and public agencies to deal equitably with ex-offenders while also protecting society's interest in assuring performance by reliable and trustworthy persons. Id. at 611.

Although, prior to its amendment in 2007, § 752 expressly prohibited the failure to hire applicants because of a criminal conviction, the Appellate Divisions had interpreted the law to prohibit unlawful terminations, as well. "The same public policy that prohibits discrimination in hiring on the basis of a criminal record prohibits discrimination in terminating employment on the basis of a criminal record." Givens v. New York City Housing Authority, 249 A.D.2d 133 (1st Dept. 1998) (citing Corrections Law §§ 752, 753). See also, Matter of Hawkins v. New York City Transit Authority, 26 A.D.3d 169, 170 (1st Dept. 2006) (affirming the denial of a motion to dismiss and allowing the petitioner to seek back pay for discriminatory discharge where "[t]he Civil Service Commission found that the termination of employment amounted to discrimination based on petitioner's criminal record, in violation of Correction Law § 752, and ordered his reinstatement"); Rodgers v. New York City Human Resources Administration, 154 A.D.2d 233 (1st Dept. 1989) (reinstating wrongful termination claim under Correction Law "enacted to prevent unfair discrimination in the licensing and employment of individuals who had been convicted of crimes").

3

See also, State Division of Human Rights v. Sorrento Cheese Company, 115 A.D.2d 323 (4th Dept. 1985) (holding that plaintiff could recover damages when employer terminated his probationary employment because of a prior disorderly conduct conviction); Pioneer Group v. State Division of Human Rights, 174 A.D.2d 1041 (4th Dept. 1991) (sustaining back pay award where complainant was terminated because he was convicted of a crime); Matter of Smith v. Kingsboro Psychiatric Ctr., 35 A.D.2d 751, 752 (2d Dept. 2006) (assuming that Correction Law prohibits unlawful termination but rejecting claim because petitioner lied on his job application).[1] The reasoning in these cases has never been repudiated. In amending the law in 2007 to expressly prohibit the termination of employment because of a criminal conviction, the State Legislature conformed the statute to the interpretation by the Appellate Divisions.

Even prior to the 2007 amendments, the remedial purpose behind Correction Law §§ 752-53 makes defendant's interpretation pointless. Compare, Bonacorsa, 71 N.Y.2d at 611. See also, Rodgers, 154 A.D.2d at 235 ("the very purpose of these mechanisms is to permit an individual who has made mistakes but has been rehabilitated to begin anew and become a productive member of society"). If the law made it illegal to deny a job application on the basis of a criminal conviction, that prohibition would equally apply when the plaintiff is offered the job and later terminated because of a prior conviction. Unless the employer can show that the criminal conviction has "direct relationship between one or more of the previous criminal offenses and the specific license or

---

[1] In Kingsboro Psychiatric Center, the Second Department stated, "Contrary to the petitioner's contentions, . . . the termination of his employment based upon his failure to disclose his criminal record completely and truthfully does not implicate [Correction Law § 752]." 35 A.D. 3d at 752. The Court cited Matter of Lagarenne v Leake, 243 A.D.2d 258, 259 (1st Dept. 1997) and Matter of Stewart v Civil Service Commission, 84 A.D.2d 491, 494 (1st Dept. 1982), both of which address misleading job applications, not whether the law prohibits unlawful terminations.

employment sought" (Correction Law § 752(1)), post- hiring discrimination has the same effect as denying plaintiff the job at the application stage.

Courts have interpreted the State civil rights laws broadly. In initially enacting the Executive Law, which references the Correction Law provisions at § 206(15), "The Legislature therein found and declared that the State 'has the responsibility to act to assure that every individual within this state is afforded an equal opportunity to enjoy a full and productive life,' and equal opportunity for employment is basic to that enjoyment." Schenectady v. State Div. of Human Rights, 37 N.Y.2d 421, 424 (1975). Moreover, "the statute is to be 'construed liberally for the accomplishment of the purposes thereof'" Id. at 421 (citing Exec. Law § 300). See, e.g., Matter of Gallo v. Office of Mental Retardation & Dev. Disabilities, 37 A.D.3d 984, 985 (3d Dept. 2007) ("it is '[t]he public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses'") (citing Correction Law § 753(1)(a)).

In seeking dismissal, defendant ignores the liberal interpretation afforded the Human Rights Law and instead highlights cases holding that the Correction Law, prior to its amendment in 2007, only governed the application for a license, not post-hiring decisions. But nearly all of these cases arise in the context of disciplinary proceedings in which the state suspended or revoked a professional license. See, e.g., In the Matter of Mosner v. Ambach, 66 A.D.2d 912 (3d Dept. 1978) ("Article 23-A by its terms applies only to the 'application' for a license by a person previously convicted of a crime; it has no bearing on disciplinary proceedings against persons already licensed").

**CONCLUSION**

Although the 2007 amendments to the Corrections Law expressly prohibit terminations on the basis of a criminal conviction, the State Legislature merely conformed the law to the cases already holding that the law covers job applications and post-hiring activity. For these reasons, this Honorable Court should deny the instant motion to dismiss plaintiff's state law Corrections Law claim.

Dated:     September 27, 2007

Respectfully submitted,

S/_____
STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff