Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
www.morganlewis.com



# Morgan Lewis
COUNSELORS AT LAW

**Kirsten Milton Evans**
Associate
312.324.1164
kirsten.evans@morganlewis.com

September 18, 2007

**MEMO ENDORSED**

**VIA FEDEX AND FACSIMILE: 914.390.4152**

The Honorable Judge Kenneth M. Karas
United States Courthouse
300 Quarropas St.
White Plains, NY 10601

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #  _____
DATE FILED: _____
```

Re:   *Noble v. Career Education Corporation* (Case No. 7:07-cv-05832-KMK-GAY) (S.D.N.Y.)

Dear Judge Karas:

We represent the Defendant Career Education Corporation ("CEC") in the above-referenced lawsuit. At the suggestion of your clerk, Dawn, I am writing regarding CEC's recent filing. Today, CEC filed a Motion to Dismiss Plaintiff Emilio Noble's New York Correction Law Claim in lieu of filing an answer [Docket ## 8-9].

Immediately after filing the Motion, we learned that pursuant to Rule II.A. of this Court's September 12, 2007 Memorandum, CEC may have been required to submit a letter to this Court setting forth its basis for its Motion to Dismiss prior to the filing of the motion. Therefore, as a precautionary measure, we are sending this correspondence.

In his Complaint, Plaintiff claims that SBI's decision to terminate his employment was based on his criminal conviction (Complaint ("Compl." ¶ 27)), his national origin (*id.* ¶ 25) and/or his race (*id.* ¶ 26). Plaintiff alleges violations of, *inter alia*, Sections 752-53 of the New York Correction Law. As set forth in the attached Memorandum of Law, the New York Correction Law, which prohibits an employer from refusing to hire an applicant for employment because of a prior conviction, is not applicable to termination decisions. Therefore, Plaintiff's claim under that statute fails as a matter of law. Accordingly, Defendant respectfully requests in its Motion to Dismiss, that, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's New York Correction Law claim be dismissed.

Moreover, Defendant respectfully requests that this Court consider Defendant's Motion to Dismiss as filed and allow the briefing to occur pursuant to Local Civil Rule 6.1(b). Should the Court deem it necessary, however, CEC is more than willing to engage in the pre-motion

# Morgan Lewis
COUNSELORS AT LAW

September 18, 2007
Page 2

conference as contemplated by the Court's Memorandum. We regret any inconvenience this may cause the Court and appreciate your attention to this matter.

Respectfully submitted,

*Kirsten Milton Evans*

Kirsten Milton Evans, Esq.

Enclosure

cc: Stephen Bergstein, Esq., Attorney for Plaintiff
    Amber Kagan, Esq., Attorney for Defendant

> The Motion to Dismiss is denied without prejudice for failure to comply with the Court's Individual Practices. However, Plaintiff must respond to this letter by October 3, 2007.
>
> SO ORDERED
> KENNETH M. KARAS U.S.D.J.
> 9/28/07