**Morgan, Lewis & Bockius LLP**
101 Park Avenue
New York, New York  10178-0060
Tel.  (212) 309-6000
Fax. (212) 309-6001
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
EMILIO NOBLE,                                                      :          *Electronically Filed*
                                                                                       :
                           Plaintiff,                                        :          **7:07-cv-05832-KMK-GAY**
                                                                                       :
           -against-                                                         :          **ANSWER**
                                                                                       :
CAREER EDUCATION CORPORATION,              :
                                                                                       :
                           Defendant.                                     :
------------------------------------------------------------------------x

Defendant Career Education Corporation ("CEC" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answers the Complaint of Plaintiff Emilio Noble ("Plaintiff") as follows:

## INTRODUCTION

1. Except to admit that Plaintiff purports to bring an action against Defendant, Defendant denies that it committed any unlawful act as alleged in Paragraph 1 of the Complaint.

## PARTIES

2. Except to admit that Plaintiff is a Hispanic male of Dominican descent and that Dutchess County is within the Southern District of New York, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that CEC's corporate office is located at 2895 Greenspoint Parkway, Suite 600, Hoffman Estates, Illinois 60169 and that it owns and operates post-secondary educational institutions in the United States and abroad, including Sanford Brown Institute - White Plains ("SBI"), where Plaintiff was employed from November 10, 2003 until the termination of his employment on November 30, 2004, but denies the remaining allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION

4. Defendant avers that the allegations contained in Paragraph 4 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 28 U.S.C. §§ 1331, 1343(3) & (4) and 42 U.S.C. § 2000e et seq.

5. Except to admit that Plaintiff filed a charge of discrimination with the New York State Division of Human Rights and the Equal Employment Opportunity Commission on August 8, 2007, Defendant denies the allegations contained in Paragraph 5 of the Complaint and specifically denies that it engaged in any unlawful conduct.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant avers that the allegations contained in Paragraph 7 of the Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

8. Defendant avers that the allegations contained in Paragraph 8 of the Complaint contain conclusions of law to which no response is required. To the extent a

response is deemed necessary, Defendant admits that Plaintiff purports to seek diversity jurisdiction of this Court.

## **FACTUAL AVERMENTS**

9. Defendant admits that Plaintiff began working at Ultrasound Diagnostic School – White Plains as an Admissions Representative on November 10, 2003 and that, on April 19, 2004, he was promoted to the Director of Admissions position.

10. Except to admit that CEC acquired Ultrasound Diagnostic Schools and subsequently changed the name to Sanford Brown Institute ("SBI"), Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Except to admit that in or around November 2004, Defendant learned that Plaintiff had been convicted of grand larceny in connection with his prior employment, Defendant lacks knowledge or information sufficient to form a belief as to the location of Plaintiff's prior employment.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant avers that Plaintiff's criminal conviction had a direct relationship to his job duties and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff learned and when he learned it, and avers that the email speaks for itself.

19. Except to admit that Marlene Shemtob-Battocchio was an Instructor at SBI and that SBI terminated her employment on August 3, 2007, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Except to admit that Mike Poses worked as an Admissions Representative at SBI and to aver that his employment was terminated on June 12, 2007, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. Except to admit that Ms. Shemtob-Battocchio and Mr. Poses are Caucasian, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

**CAUSES OF ACTION**

24. Defendant repeats and incorporates its responses to Paragraphs 1 – 23 of the Complaint as if said responses were fully set forth herein.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, including any damages sought under the WHEREFORE clause of his Complaint.

## GENERAL DENIAL

Defendant denies any allegations not specifically admitted herein.

## DEMAND FOR A JURY TRIAL

Defendant acknowledges Plaintiff's demand for a trial by jury.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a cause of action under which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, to the extent they are barred by the applicable limitation period.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages because Defendant made good faith efforts to comply with all applicable statutes and laws.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust his administrative remedies.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Plaintiff's Title VII claim.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages if any.

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation.

Date:  November 16, 2007

Respectfully submitted,

s/  Amber Kagan
Amber Kagan (AK-7973)

MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
Telephone:  212.309.6000
Facsimile:  212.309.6001
Email:  akagan@morganlewis.com

Kirsten Milton Evans (IL 06286124)
(*Pro Hac Vice Admission Pending*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60610
Telephone:  312.324.1000
Facsimile:  312.324.1001
Email:  kirsten.evans@morganlewis.com

*Attorneys for Defendant*