# BERGSTEIN & ULLRICH, LLP

- ATTORNEYS AT LAW -

15 RAILROAD AVENUE • CHESTER, NEW YORK 10918
TELEPHONE (845) 469-1277
FACSIMILE (845) 469-5904
E-MAIL: thefirm@tbulaw.com
www.tbulaw.com

**MEMO ENDORSED**

Stephen Bergstein
Helen G. Ullrich

*Of Counsel*
Christopher D. Watkins

**VIA ECF and U.S. MAIL**
November 30, 2007

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

DEC - 2007

Re:     Noble v. Career Education Corporation
07 Civ. 5832 (KMK)

Dear Judge Karas:

With permission from the Court at yesterday's oral argument and decision on defendant's motion to dismiss the Correction Law claim, I am writing this letter pursuant to Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1292(b) seeking certification of that issue for an interlocutory appeal to the Second Circuit. Please treat this letter as plaintiff's motion for that relief.

Under Rule 54(b), "When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Relatedly, under 28 U.S.C. § 1292(b), "When a district judge in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order."

For the following reasons, the Correction Law claim is ripe for interlocutory appeal.

1. While the July 2007 statutory amendment prohibits wrongful discharge because of a criminal conviction, the state appellate courts have gone both ways on whether the original statute – in effect when plaintiff was fired – extended to post-hiring decisions. Compare, Givens v. New York Housing Authority, 249 A.D.2d 133 (1st Dept. 1993) with Pietranico v. Ambach, 82 A.D.2d 625 (3d Dept. 1981). The questions on appeal include (a) whether the 2007 amendment merely conformed the statute to the case law and (b) the lack of any rational basis for the distinction between pre- and

post-hiring decisionmaking implies that the State Legislature intended all along to prohibit wrongful terminations and merely filled in that loophole in 2007.

2. Allowing plaintiff to appeal the Correction Law dismissal would materially advance the ultimate termination of the litigation. In its position statement submitted to the State Division of Human Rights, defendant acknowledged that it fired plaintiff upon learning of his criminal conviction but argued that the nature of his job responsibilities necessitated his termination. Once the Court of Appeals resolves the issue of whether plaintiff may proceed with the Correction Law claim, the primary issue is whether his job responsibilities bore a direct relationship to his criminal conviction. That question most likely could be resolved as a matter of law and would dispose of the litigation no matter how plaintiff's other claim – national origin discrimination – is resolved.

3. The Correction Law claim is distinct from the national origin discrimination claim. As alleged in the Complaint, defendant did not similarly terminate comparable employees. The only distinction between plaintiff and his colleagues is national origin. As the Correction Law and discrimination claims do not overlap, this case is ripe for interlocutory appeal. See, Lottie v. W. Am. Ins. Co., 408 F.3d 935, 939 (7th Cir. 2005) ("The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal"); Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987) ("In a case involving multiple claims, the court should not enter final judgment dismissing a given claim unless that claim is separable from the claims that survive"). Moreover, there is no risk that the merits of the Correction Law claim would arise in any subsequent appeal. See, Transp. Workers Union, Local 100 v. N.Y. City Transit Auth., 2007 U.S. App. LEXIS 24187, at * 8 (2d Cir. Oct. 16, 2007) ("Even if separable, if it appears that a claim already determined could again be subject to review in a subsequent appeal, then Rule 54(b) certification is improper").

Very truly yours,

Stephen Bergstein

cc:    Amber Kagan, Esq.

Defendant is directed to respond to this letter by December 17, 2007.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

12/6/07