Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
www.morganlewis.com

DEC 17 2007

# Morgan Lewis
COUNSELORS AT LAW

**MEMO ENDORSED**

Amber Kagan
Partner
312.324.1164
akagan@morganlewis.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

December 17, 2007

### VIA FEDERAL EXPRESS AND FACSIMILE: 914.390.4152

The Honorable Judge Kenneth M. Karas
United States Court Southern District of New York
United States Courthouse
300 Quarropas St., Chambers 533
White Plains, NY 10601-4150

**Re:** *Noble v. Career Education Corporation* (Case No. 7:07-CV-05832-KMK-GAY) (S.D.N.Y.)

Dear Judge Karas:

In a letter dated November 30, 2007, Plaintiff asked this Court to certify the following questions for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b): "(a) [W]hether the 2007 amendment [to the New York Correction Law ("Correction Law")] merely conformed the statute to the case law and (b) [whether] the lack of any rational basis for the distinction between pre- and post-hiring decisionmaking implies that the State Legislature intended all along to prohibit wrongful terminations and merely filled in that loophole in 2007[?]" However, as discussed more fully below, these issues are not appropriate for an interlocutory appeal and, therefore, Defendant respectfully requests that Plaintiff's request be denied.[1]

A party seeking interlocutory review has the burden of persuading the court that the "circumstances [ ] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (citations omitted). Under well-established Second Circuit law, a party can only meet this burden in truly "exceptional cases." *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 49 (S.D.N.Y. 2002); *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citations omitted); *see Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *Klinghoffer*, 921 F.2d at 25. To do so, a party seeking interlocutory review must show that: (1) "the order 'involves a controlling question of law'; (2) 'as to which there is substantial ground for difference of opinion,' and (3) an immediate appeal 'may materially advance the ultimate termination of the litigation.'" *Primavera Familienstifung*, 139 F. Supp. 2d at 569 (quoting 28

---

[1] On December 17, 2007, Kirsten Milton Evans, attorney for Defendant, was granted permission by this Court's clerk, Alicia, to send this correspondence via facsimile.

Morgan Lewis
COUNSELORS AT LAW

December 17, 2007
Page 2

U.S.C. § 1292(b)). In considering a request for certification, a district court must "carefully assess whether each of the three conditions for certification is met." *Id.*

The courts in the Second Circuit have examined the first and third prongs of the analysis together. *See In re Buspirone Patent Litig.*, 210 F.R.D. at 51. Under the combined analysis, a litigant seeking an interlocutory appeal must establish that the reinstatement of the claim will "substantially accelerat[e] the disposition of the litigation." *Primavera Familienstifung*, 139 F. Supp. 2d at 570 (citing *Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (citations omitted); *see Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998). This standard is ordinarily met by showing that reinstatement of the claim "would terminate the action." *Klinghoffer*, 921 F.2d at 24 (citations omitted).

In this case, as Plaintiff acknowledges, there are multiple claims that need to be litigated. The issue to be determined in Plaintiff's Correction Law claim is whether he was terminated because of a prior criminal conviction, and, if so, whether that conviction was related to his position with the Defendant. The issue to be addressed in Plaintiff's Title VII, § 1981 and New York Human Rights Law claims is whether Plaintiff was terminated because of his national origin or race. Thus, Plaintiff's Correction Law claim is separate and distinct from his other claims, and that claim does nothing to: (1) resolve his other claims; or (2) in any way advance the ultimate termination of the litigation. To the contrary, the reinstatement of the Correction Law claim simply adds another issue to be resolved and, if anything, prolongs the termination of the case. Thus, Plaintiff cannot establish the first or third prong of the applicable analysis. *See also In re 105 East Second Street Associates*, No. M-47 (LLS), 1997 WL 311919, at *3 (S.D.N.Y. 1997) (appeal not likely to advance termination of litigation when it "would not result in the dismissal of any claims or defenses") (citing *Pereira v. Aetna Casualty & Sur. Co.*, 921 F. Supp. 1121, 1126 (S.D.N.Y. 1996) ("finding that certification of appeal under § 1292(b) would not materially advance the termination of the litigation because certain claims 'will continue regardless of the disposition of this issue.'").

Similarly, the questions Plaintiff seeks to appeal on an interlocutory basis do not establish the second prong of the test. The threshold for establishing "substantial ground for difference of opinion" is a high one. *See Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002). In demonstrating "substantial ground for difference of opinion," Plaintiff must do more than "claim that the district court's ruling was incorrect." *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (citations omitted). Rather, the Plaintiff must show "there exists substantial doubt about the law." *See Genentech, Inc. v. Novo Nordisk A/S*, 907 F. Supp. 97, 100 (S.D.N.Y. 1995). Plaintiff cannot establish this prong of the analysis.

Prior to July 2007, Section 752 of the Correction Law stated "[n]o <u>application</u> for any license or employment . . . shall be denied by reason of the <u>applicant's</u> having been previously convicted of one or more criminal offenses." N.Y. Correct. L. § 752 (1976) (emphasis added). Thus, on its face, the statute only applies to applications for employment and not, as Plaintiff has suggested, to terminations of employment. *Pisano v. McKenna*, 466 N.Y.S.2d 231, 233 (N.Y. Sup. Ct. 1983); *see D'Amore v. Village of Kenmore*, 785 N.Y.S.2d 242, 243 (N.Y. App. Div. 2004); *cf. Matter of Durante v. Bd. of Regents of State Univ. of N.Y.*, 416 N.Y.S.2d 401, 401

1-CH/204826.3

**Morgan Lewis**
COUNSELORS AT LAW

December 17, 2007
Page 3

(N.Y. App. Div. 1979); *Matter of Pietranico v. Ambach*, 442 N.Y.S.2d 827, 828 (N.Y. App. Div. 1981).

Notwithstanding the clear language of the statute, Plaintiff cites certain cases to establish that there is some inconsistency in the interpretation of the statute justifying the need for an interlocutory appeal. However, the case law Plaintiff cites to support this position is, for the most part, either not directly on point or poorly reasoned. In any event, even if there were some "difference of opinion" concerning the scope of Section 752, that confusion has been eradicated with the amendment to the Correction Law in July 2007. In passing this amendment, the Legislature expressly acknowledged that the unamended version "currently appl[ies] only to applicants for employment . . . .," and that the express purpose of the amendment was to extend "protection from discrimination to current employees and licensees." Preamble to N.Y. Correct. L. § 752 (2007); (See Def. Memo. Law in Supp. Mot. Dismiss [Docket #9], p. 4.) Thus, the amendment to the law (and the legislative history discussing the amendment) makes clear that the unamended version of the statute, which is applicable in this case, did not apply to the termination of current employees. Accordingly, there is not a "substantial ground for difference of opinion" on this issue, nor is there any basis to believe that the "2007 amendment merely conformed the statute to the case law," as Plaintiff suggests. For this reason alone, Plaintiff's request for interlocutory appeal should be denied.

## CONCLUSION[2]

In sum, Plaintiff has failed to establish that any of the conditions required for interlocutory appeal under 28 U.S.C. § 1292(b) have been met. Therefore, Defendant respectfully requests that this Court deny Plaintiff's request for interlocutory appeal.

Respectfully submitted,

*Amber Kagan*

Amber Kagan, Esq.

cc: Stephen Bergstein, Esq.

*[Handwritten annotation:] Plaintiff's request for interlocutory appeal is denied for the reasons stated in Defendant's letter. The question of Section 752's reach will not be dispositive as Plaintiff has brought other causes of action. Further, the Court does not find the question to be that close, given the statute's language, the 2007 amendment and the caselaw.*

SO ORDERED
KENNETH M. KARAS U.S.D.J.
1/18/09

---

[2] In his letter, Plaintiff cites Federal Rule Civil Procedure ("Fed. R. Civ. P.") 54(b) without explaining why or addressing how he would be entitled to relief under that rule. He has not established that in obtaining a Rule 54(b) judgment there might be a sound reason "for a departure from the normal practice consolidating all claims and parties for review in a single appellate proceeding." *In re Blech Securities Litig.*, No. 94 Civ. 7696 (RWS), 1997 WL 20833, at *1 (S.D.N.Y. Jan. 21, 1997); *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) ("The district court's discretion [in directing a final judgment pursuant to Fed. R. Civ. P. 54(b)] is to be exercised sparingly in light of the 'historic federal policy against piecemeal appeals.'") (citations omitted). Accordingly, the courts grant this relief sparingly and only where "there are interest[s] of sound judicial administration and efficiency to be served or, in the infrequent harsh case where 'there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Id.* (citations omitted); *see Curtis Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). *See generally Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). There is simply no basis for granting such an extraordinary judgment in this case, nor does Plaintiff cite any such reason.

1-CH/204826.3