LAW OFFICES
**MORGAN, LEWIS & BOCKIUS LLP**
101 PARK AVENUE
NEW YORK, NEW YORK 10178
(212) 309-6000
*ATTORNEYS FOR DEFENDANT*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

------------------------------------------------------------ x
EMILIO NOBLE,                                                :
                                                             :
                         Plaintiff,                          :
                                                             :   7:07-cv-05832-KMK-GAY
            -against-                                        :
                                                             :
CAREER EDUCATION CORPORATION,                                :
                                                             :
                         Defendant.                          :
------------------------------------------------------------ x

## STIPULATION AND ORDER OF CONFIDENTIALITY

WHEREAS, in the interest of facilitating the just, speedy and inexpensive determination of the above-captioned action and in the interest of protecting the legitimate interests of the parties in maintaining the confidentiality of certain information to be disclosed during the discovery process;

**NOW THEREFORE, IT IS HEREBY AGREED** as follows by and between Plaintiff Emilio Noble ("Plaintiff") and Defendant Career Education Corporation ("Defendant"):

"Confidential Material" shall include the material identified as such in accordance with Paragraphs 3-5 below. "Confidential Material" shall be accorded the protections referred to in Paragraphs 6-11 of this Stipulation and Order of Confidentiality ("Confidentiality Stipulation").

This "Action," "Matter" or "Litigation" shall refer to the above-captioned action in the United States District Court, Southern District of New York, and any related proceedings, including any appellate proceedings relating thereto, and no other action, proceeding or matter.

1. Any party may designate, in writing as Confidential Material, and subject to this Confidentiality Stipulation, any document or material which is either produced during discovery proceedings in this matter and/or generated by a party in this matter, and which it in good faith believes constitutes or contains: (i) proprietary, trade secret or sensitive business, medical or public information of a sensitive, personal or private nature (including, without limitation, financial or tax information, medical records, surveys, reports, analyses, and/or internal policies) or any extracts or summaries thereof; or (ii) personal or personnel information including, but not limited to, personnel files, performance evaluations, salary and compensation information, employment applications, home addresses and home telephone numbers, or any extracts or summaries thereof. Any party may designate as Confidential Material, and subject to this Confidentiality Stipulation, documents produced in this matter by any non-party pursuant to subpoena or otherwise.

2. Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3. Documents and other discovery materials may be designated as Confidential Material as follows: (i) by affixing a legend or stamp to every page of the document, at the time of production, indicating in such a way that brings the designation to the attention of the recipient, or otherwise puts the recipient on notice that it contains confidential information; (ii) by written statement of counsel for the producing party at the time of, or prior to, production that

the document or material is to be treated as Confidential Material; (iii) by agreement in writing between the producing and receiving parties at any time; or (iv) with respect to oral testimony, in accordance with the procedures set forth in Paragraph 4 below.

4.  Any party may designate any portion of any person's deposition testimony in this or any related proceeding (including exhibits), if any, whether or not previously designated as Confidential Material, as Confidential Material by advising the reporter and all parties of such fact on the record during the deposition, or, in connection with the submission of an errata sheet upon review of the transcript in accordance with applicable procedural rules.

5.  All Confidential Material shall be used only for the purposes of this matter and shall not be used for any other purpose except upon consent of the designating party or order of the Court hearing this matter, unless the Confidential Material was obtained lawfully and independently of the designating party.

6.  Confidential Material shall be held in confidence and shall not be revealed, discussed or disclosed in any manner, in any form, to any person or entity other than:

   (a)  the Court hearing this matter;

   (b)  counsel for any party retained in or working on the prosecution, defense or settlement of this matter, including co-counsel and counsel employed directly by any party;

   (c)  employees of counsel and persons assigned to assist counsel in the prosecution, defense or settlement of this matter;

   (d)  individual parties, and any director, officer, or employee of any party to this matter, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this matter; and

   (e)  witnesses and consultants (and potential witnesses and consultants), including experts, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this matter.

7. Each person identified in paragraph 6(e), to whom Confidential Material, or data and information obtained, derived or generated from Confidential Material, is disclosed shall first be advised of the existence and the contents of this Stipulation and Order, and shall be bound by its terms and conditions and shall execute the "Agreement to Be Bound to Stipulation of Confidentiality" in the form attached hereto as Exhibit A.

8. In the event of a dispute between counsel regarding the scope of Confidential Material, counsel agree to meet promptly to review and attempt to resolve informally issues centering on Confidential Material. If no agreement can be reached as to the disputed designation, that dispute shall be submitted to the Court for resolution. Pending the Court's resolution of such issues such material shall remain designated as Confidential Material. An objection to the designation of discovery materials as "Confidential Material" may be made at any time.

9. The inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

10. A producing party may notify the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated, and may, at that time, designate such documents as confidential in accordance with Paragraph 3 of this Confidentiality Stipulation.

11. If Confidential Material in the possession of any party is responsive to any subpoena or any other form of compulsory process of the Court or any administrative or

legislative body, or if any other persons or tribunal purporting to have authority seeks such information by compulsory process, the party to whom the process or inquiry is directed shall notify the producing party in writing within five (5) business days of receipt of such process or inquiry, so as to permit the producing party to seek a protective order from the Court.

12. The parties agree to confer in good faith in advance of (i) filing with the Court of any motion or other pleading including or attaching Confidential Material; and/or (ii) submitting Confidential Material as evidence in the trial of this action, in order to address the protection of the confidentiality of such material. In such event, if the parties cannot reach agreement, they shall submit the issue to the Court for resolution. Pending the Court's resolution of such issues, the parties shall not introduce such Confidential Material.

13. Upon final termination of this action, whether by settlement, dismissal, or other disposition, a party producing Confidential Material may request the return or destruction of all such material and any material derived or generated from such material.

14. Producing or receiving Confidential Material or otherwise complying with the terms of this Confidentiality Stipulation shall not:

(a) Affect or restrict the rights of any party with respect to its own documents;

(b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material;

(c) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Stipulation;

(d) Prejudice in any way the rights of any party to seek a determination by the Court whether any information, documents or material, designated as Confidential Material should be so designated and subject to the terms of this Confidentiality Stipulation;

(e)  Prejudice in any way the rights of any party to petition the Court for a protective order relating to any purportedly Confidential Material; or

(f)  Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material.

15.  Either party may apply to the Court for relief from the terms of this Confidentiality Stipulation, or for greater protection for discovery, after first meeting with the other parties in an attempt to resolve the issue informally.

**STIPULATED, AGREED AND CONSENTED TO THIS** 24th **DAY OF** March , 2008

EMILIO NOBLE                                          CAREER EDUCATION CORPORATION

By: /s/ _____                         By: /s/ _____
Stephen Bergstein (6810)                              Kirsten M. Evans (IL-06286124)

SO ORDERED:
_____
U.S.D.J. Kenneth M. Karas

dated 3/25/08

Stephen Bergstein (6810)  
Bergstein & Ullrich, LLP  
15 Railroad Avenue  
Chester, NY 10918  
(845) 469-1277  
Fax: (845) 469-5904  
Email: steve@tbulaw.com

Amber Kagan (AK-7973)  
Morgan, Lewis & Bockius LLP  
101 Park Avenue  
New York, NY 10178  
Telephone: 212.309.6000  
Facsimile: 212.309.6001  
Email: akagan@morganlewis.com

Kirsten Milton Evans (IL-06286124)  
Morgan, Lewis & Bockius LLP  
77 West Wacker Drive - Fifth Floor  
Chicago, IL 60601  
Telephone: 312.324.1000  
Facsimile: 312.324.1001  
E-mail: kirsten.evans@morganlewis.com

# EXHIBIT A

Case 7:07-cv-05832-KMK-GAY   Document 27   Filed 03/25/2008   Page 8 of 11

LAW OFFICES
**MORGAN, LEWIS & BOCKIUS LLP**
101 PARK AVENUE
NEW YORK, NEW YORK 10178
(212) 309-6000
*ATTORNEYS FOR DEFENDANT*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
EMILIO NOBLE,                                                :
                                                             :
                        Plaintiff,                           :
                                                             :    7:07-cv-05832-KMK-GAY
            -against-                                        :
                                                             :
CAREER EDUCATION CORPORATION,                                :
                                                             :
                        Defendant.                           :
------------------------------------------------------------ x

### AGREEMENT TO BE BOUND TO STIPULATION
### AND ORDER OF CONFIDENTIALITY

I, _____, declare under penalty of perjury that:

(a)   My present residential address is _____.

(b)   I have received and carefully read the Stipulation and Order of Confidentiality ("Confidentiality Stipulation") dated _____, and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked as Confidential Material, except as permitted by Paragraph 3 of the Confidentiality Stipulation. I further understand that I am not to disclose to anyone other than those persons identified in Paragraph 3 of the Confidentiality Stipulation any words, substances, summaries, abstracts or indices of any Confidential Information disclosed to

1-CH/209736.1

me. I will use the Confidential Information solely for purposes relating to the above-captioned litigation. I will never use the Confidential Information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Confidentiality Stipulation.

(c) At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(d) I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Confidentiality Stipulation, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Date

_____
Signature

LAW OFFICES
**MORGAN, LEWIS & BOCKIUS LLP**
101 PARK AVENUE
NEW YORK, NEW YORK 10178
(212) 309-6000
*ATTORNEYS FOR DEFENDANT*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
EMILIO NOBLE,                                                      :
                                                                   :
                            Plaintiff,                             :
                                                                   :     7:07-cv-05832-KMK-GAY
            -against-                                              :
                                                                   :
CAREER EDUCATION CORPORATION,                                      :
                                                                   :
                            Defendant.                             :
------------------------------------------------------------------ x

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **Stipulation and Order of Confidentiality** was served by way of electronic and U.S. mail, with proper postage affixed upon:

> Stephen Bergstein
> Bergstein & Ullrich, LLP
> 15 Railroad Avenue
> Chester, New York 10918
> steve@tbulaw.com

on this 24th day of March, 2008.

/s/ Kirsten M Evans
Kirsten M. Evans (IL-06286124)

1-CH/209736.1